UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

Dennis S. Cintron
and other similarly situated
individuals,

     Plaintiff(s),

v.

Ka Wah Trading Inc.
a/k/a  Ka Wah Trading Foods

     Defendant,

_____/

## COLLECTIVE ACTION COMPLAINT
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Dennis S. Cintron and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendant Ka Wah Trading Inc., a/k/a Ka Wah Trading Foods, and alleges:

<u>Jurisdiction Venues and Parties</u>

1. This is an action to recover money damages for unpaid overtime wages and retaliation under the United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Dennis S. Cintron is a resident of Orlando, Orange County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Ka Wah Trading Inc., a/k/a Ka Wah Trading Foods (from now on, Ka Wah Trading Foods, or Defendant) is a Florida corporation registered to do business in Florida. Defendant has a place of business in Orlando, Orange County, within this Honorable Court's Jurisdiction. At all times material, Defendant was and is engaged in interstate commerce.

4. All the actions raised in this Complaint occurred in Orange County, Florida, within this Court's jurisdiction.

<u>General Allegations</u>

5. This cause of action is brought by Plaintiff Dennis S. Cintron as a collective action to recover from Defendant half-time overtime compensation, retaliatory damages, liquidated damages, costs, and reasonable attorneys fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT"). Plaintiff brings this action on behalf of himself, and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after June 2021, (the "material time") without being adequately compensated.

6. Defendant Ka Wah Trading Foods is an importer, wholesaler, and distributor of Asian specialty food products to Asian restaurants and other Asian wholesalers and retailers.

7. The employer Ka Wah Trading, was engaged in interstate commerce within the meaning of the Fair Labor Standards Act, as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is an importer, wholesaler, and distributor of Asian specialty food products. Defendant has more than two employees directly and recurrently engaged in interstate commerce. The Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do business, and transmits funds outside the State of Florida. Upon information and belief, the annual gross revenue of the Employer/Defendant is more than $500,000 per annum. Therefore, there is enterprise coverage.

8. Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff was a delivery driver and warehouse employee. Through his daily activities, Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce by receiving, shipping, handling, and working on goods and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

9.  Defendant Ka Wah Trading Foods employed Plaintiff Dennis S. Cintron as a non-exempted, full-time employee from approximately June 02, 2021, to August 19, 2022, or 63 weeks.

10. Plaintiff had duties as a delivery driver, warehouse, and cleaning employee. Plaintiff was paid a daily rate of $135.00.

11. During his employment with Defendant, Plaintiff worked six days weekly from Monday to Saturday, an irregular schedule. Plaintiff worked from Monday to Wednesday between 6:00 and 10:00 AM to 5:00 and 7:00 PM, or an average of 10 hours daily (10 hours x 3 days= 30 hours). On Thursdays, Fridays, and Saturdays, Plaintiff worked from 6:00 AM to 8:00, 9:00, 10:00, and 11:00 PM. Sometimes Plaintiff returned to the Orlando area even later. From Thursday to Saturday, Plaintiff worked a minimum average of 14 hours daily (14 hours x 3 days=42 hours). Thus, during the week, Plaintiff worked an average of 72 hours.

12. Plaintiff was paid a daily rate, and he was paid only his daily rate, regardless of the number of hours worked during the week. Plaintiff was not compensated for overtime hours as required by law.

13. Plaintiff did not clock in and out, but Defendant was in complete control of Plaintiff's schedule. Thus, Defendant could track the number of hours worked by Plaintiff and other similarly situated individuals.

14. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

15. Plaintiff was paid with checks, with paystubs that did not show basic information such as the number of days and hours worked, wage rate paid, etc.

16. Plaintiff disagreed with the lack of payment for overtime hours, and he complained many times about unpaid overtime to supervisor Alberto LNU, who stated that Defendant would fix the problem soon. Plaintiff also complained about the dangerous conditions of the vehicle he was driving.

17. On or about July 29, 2022, Plaintiff complained about unpaid overtime wages to a new Asian supervisor, who, as an answer, just insulted Plaintiff.

18. On or about August 19, 2022, Defendant fired Plaintiff, alleging pretextual reasons. However, Plaintiff was terminated due to his complaints about overtime payment and because of discriminatory reasons.  Plaintiff is in the process of filing his Charge Of Discrimination with the U.S. Equal Employment Opportunity Commission (EEOC).

19. Plaintiff Dennis S. Cintron seeks to recover unpaid half-time overtime wages for every hour worked over 40 during his entire employment, retaliatory damages, liquidated damages, and any other relief as allowable by law

20. Plaintiff Dennis S. Cintron is not in possession of time and payment records, but he seeks to recover any regular or overtime hours not paid to him.

<u>Collective Action Allegations</u>

21. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

22. Plaintiff contends that Defendant, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every overtime hour worked at the rate of time and one-half his regular rate.

23. This action is intended to include every delivery driver, warehouse employee, and any similarly situated individuals who worked for Defendant at any time during the past three (3) years.

**<u>COUNT I:</u>**
**<u>WAGE AND HOUR FEDERAL STATUTORY VIOLATION;</u>**
**<u>FAILURE TO PAY OVERTIME</u>**

24. Plaintiff Dennis S. Cintron re-adopts every factual allegation stated in paragraphs 1-23 above as if set out in full herein.

25. This action is brought by Plaintiff Dennis S. Cintron and those similarly situated to recover from the Employer unpaid overtime compensation, as well

as an additional amount of liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.   29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate, not less than one and a half times the regular rate at which he is employed."

26. Defendant Ka Wah Trading Foods employed Plaintiff Dennis S. Cintron as a non-exempted, full-time employee from approximately June 02, 2021, to August 19, 2022, or 63 weeks.

27. Plaintiff had duties as a delivery driver, warehouse, and cleaning employee. Plaintiff was paid a daily rate of $135.00.

28. During his employment with Defendant, Plaintiff worked six days per week, from Monday to Saturday, an average of 72 hours.

29. Plaintiff was paid a daily rate of $135.00. Plaintiff was compensated only with his daily rate, regardless of the number of hours worked during the week. Plaintiff was not compensated for overtime hours as required by law.

30. Plaintiff did not clock in and out, but Defendant was in complete control of Plaintiff's schedule and could track the number of hours worked by Plaintiff and other similarly situated individuals.

31. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

32. Plaintiff was paid with checks, with paystubs that did not show the number of days and hours worked, and wage rate paid basic information such as the number of days and hours worked, wage rate paid, and employee taxes withheld.

33. Plaintiff disagreed with his working conditions, and he complained multiple times.

34. On or about August 19, 2022, Defendant fired Plaintiff.

35. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendant.  However, Defendant did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

36. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

37. Plaintiff is not in possession of time and payment records, but he will provide a reasonable good faith estimate based on his recollections and to the best of his knowledge. After discovery, Plaintiff will amend his statement of claim.

a.  <u>Total amount of alleged unpaid O/T wages</u>:

Eleven Thousand Three Hundred Fifty Dollars and 08/100 ($11,350.08)

b.  <u>Calculation of such wages</u>:

Total period of employment:  63 weeks
Relevant weeks of employment:  63 weeks
Total number of days worked: 6 days weekly
      Total hours worked: 72 hours weekly
      Total unpaid O/T hours:  32 overtime hours
      Rate daily: $135.00 x 6 days=$810.00 weekly: 72 hours=$11.25
Regular rate: $11.25: 2=$5.63 an hour
Half-time O/T rate= $5.63

$5.63 x 32 O/T hours=$180.16 weekly x 63 weeks=$11,350.08

c.  <u>Nature of wages (e.g., overtime or straight time)</u>:

This amount represents unpaid overtime wages.

38. At all times, material hereto, the Employer/Defendant failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendant made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

39. Defendant knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with

Defendant as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

40. Defendant Ka Wah Trading Foods willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular rate, as required by the law of the United States and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

41. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Dennis S. Cintron and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Dennis S. Cintron and other similarly situated individuals and against Defendant Ka Wah Trading Foods  based on Defendant's willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Dennis S. Cintron actual damages, in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff reasonable attorney's fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

Demand for a Jury Trial

 Plaintiff Dennis S. Cintron demands a trial by a jury of all issues triable as a right by a jury.

**COUNT II:**
**FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE;**
**PURSUANT TO 29 USC 215(a)(3)**

42. Plaintiff Dennis S. Cintron re-adopts every factual allegation stated in paragraphs 1-23 of this Complaint as if set out in full herein.

43. Defendant Ka Wah Trading Foods' business activities involve those to which the Fair Labor Standards Act applies.

44. 29 USC § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

45. Likewise, 29 USC 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted

any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

46. Defendant Ka Wah Trading Foods employed Plaintiff Dennis S. Cintron as a non-exempted, full-time employee from approximately June 02, 2021, to August 19, 2022, or 63 weeks.

47. Plaintiff had duties as a delivery driver, warehouse, and cleaning employee. Plaintiff was paid a daily rate of $135.00.

48. During his employment with Defendant, Plaintiff worked six days per week, from Monday to Saturday, an average of 72 hours.

49. Plaintiff was paid a daily rate of $135.00. Plaintiff was paid only for his daily rate, regardless of the number of hours worked during the week. Plaintiff was not compensated for overtime hours as required by law.

50. Plaintiff did not clock in and out, but Defendant was in complete control of Plaintiff's schedule and could track the number of hours worked by Plaintiff and other similarly situated individuals.

51. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

52. Plaintiff was paid with checks, with paystubs that did not provide accurate information about the number of days and hours worked and the wage rate paid.

53. Plaintiff disagreed with the lack of payment for overtime hours, and he complained many times about unpaid overtime to supervisor Alberto LNU. The supervisor stated that Defendant would fix the problem soon. Plaintiff also complained about the dangerous conditions of the vehicle he was driving.

54. These complaints constituted protected activity under the FLSA.

55. On or about July 29, 2022, Plaintiff complained about unpaid overtime wages for the last time. Plaintiff talked to a new Asian supervisor, and as an answer, Plaintiff received only insults.

56. This complaint constituted protected activity under the FLSA.

57. However, on or about August 19, 2022, Defendant fired Plaintiff, alleging pretextual reasons.

58. At the time of his termination, Plaintiff was performing the essential functions of his position satisfactorily. There was no other reason than retaliation to fire him.

59. There is proximity between Plaintiff's protected activity and his termination.

60. The motivating factor which caused Plaintiff's discharge as described above was his complaints seeking unpaid overtime wages from Defendant. In other

words, Plaintiff would not have been fired but for his complaints about unpaid overtime wages.

61. Defendant's termination of Plaintiff was in direct violation of 29 USC 215 (a)(3), and, as a direct result, Plaintiff has been damaged.

62. Plaintiff Dennis S. Cintron has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

<u>Prayer For Relief</u>

Wherefore, Plaintiff Dennis S. Cintron respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendant's acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendant Ka Wah Trading Foods that Plaintiff Dennis S. Cintron recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 USC § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order Defendant Ka Wah Trading Foods to make Plaintiff whole by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff Dennis S. Cintron further prays for such additional relief as the interests of justice may require.

<u>Demand for a Jury Trial</u>

Plaintiff Dennis S. Cintron demands a trial by a jury of all issues triable as a right by a jury.

Dated:  October 17, 2022

Respectfully submitted,

By: **_/s/ Zandro E. Palma_____**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone:       (305) 446-1500
Facsimile:        (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*